■ TIMOTHY GREEN et al., Appellants, v MICHAEL LATIMER, Respondent, et al., Defendants.—Crew III, J. Appeal from an order of the Supreme Court (Duskas, J.), entered August 22, 1990 in St. Lawrence County, which granted defendant Michael Latimer's motion for summary judgment dismissing the amended complaint against him.

Defendant Michael Latimer leased certain premises in the Town of Canton, St. Lawrence County, upon which he operated a dairy farm. On December 14, 1987 he observed a fire in a silo located on his farm. That silo was originally an oxygen-limiting silo but had been converted by defendant Harder Silo

Company to a conventional silo. Latimer called the Pierrepont Volunteer Fire Department and advised it of the fire and thereafter called defendant John D. Gazely, who was an officer of Harder Silo. In discussing the fire with Gazely, Latimer was informed that the fire could be extinguished by pouring a small amount of water through the top of the silo. When members of the fire department arrived at the scene, they advised Latimer that none of them had experience in fighting a silo fire. Latimer then told them that he had called Harder Silo and was told by Gazely to open the top of the silo and pour water into it. Acting upon that information plaintiff Timothy Green and another firefighter climbed to the top of the silo and began to pour water into the top of it. Approximately 15 minutes later the silo exploded, as the result of which Green sustained serious personal injuries. Plaintiffs commenced this negligence action against defendants seeking damages for those injuries. After issue was joined, Latimer successfully moved for summary judgment dismissing the amended complaint against him and this appeal ensued.

Plaintiffs have established by uncontroverted proof that a fire in a converted oxygen-limiting silo should be extinguished by closing all open hatch covers. The fire will then consume all available oxygen in the silo and self extinguish. Failing that, liquid nitrogen or carbon dioxide should be injected into the silo. Under no circumstances should water be introduced into the silo because of the danger of explosion. Plaintiffs argue that Latimer was negligent in advising plaintiff to extinguish the silo fire with water. There is no doubt, as plaintiffs claim, that "a negligent statement may be the basis for recovery of damages, where there is carelessness in imparting words upon which others were expected to rely and upon which they did act * * * to their damage" *(White v Guarente,* 43 NY2d 356, 362-363). There is nothing in the record before us, however, indicating that Latimer was careless in imparting the information related to him by Gazely. Latimer simply told the firefighters that a representative of Harder Silo told him that water could be put through the top of the silo to extinguish the fire. In deciding to fight the fire in that manner, the firefighters assumed the risk that the third-party information was incorrect.

Finally, plaintiffs assert that Latimer is liable for his failure to warn them of a dangerous condition. In order for plaintiffs to prevail on such a theory, however, it must appear that Latimer knew of the danger involved and had reason to believe that the firefighters were unaware of that danger *(see,*

*Jenkins v 313-321 W. 37th St. Corp.,* 284 NY 397). There is no proof in the record that Latimer was aware of the danger of pouring water onto the silo fire. Accordingly, the order granting Latimer summary judgment must be affirmed.

Mahoney, P. J., Casey, Mikoll and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.